■ Johnson, J.
Before the act of 1815, there was no case in which a plaintiff could collect, on execution, interest which accrued subsequently to the rendition of the judgment; unless, indeed, judgments on bonds conditioned for the payment of money can be regarded as an exception, to which this case has been assimilated. At ,the common law, the defendant was liable for the whole penalty of the bond; but by the Statute 4 Anne, c. 16, {Pub. Laws 95,) he may discharge it by bringing into court “ all the principal money and interest due on such bond.” together with the costs which had accrued. Now in the case before the court, the sum due on the bond is unliquidated, and cannot, therefore, be brought into court; consequently the analogy between the cases will not hold good. The act of 1792, (1 Faust 213, precludes the idea, that bonds conditioned for the performance of covenants were contemplated by the statute. This act provides that the plaintiff m^y, and the defendant by rule of court may compel him, to submit the condition to a jury, “ which jury may asses and fix the debt or damages actually due, and the execution shall be levied accordingly.” Thus xiegativeing the idea that it should issue for interest also. There *167 is another view of this subject which is equally satisfactory. This, though in form an action of debt, is substantially an action on a covenant, an action sounding altogether in damages, and in which the jury are supposed to take into consideration all the injury which the plaintiff has sustained by the breach of the covenant; which would necessarily include the interest, if from the nature of the transaction, the measure of the damages could be ascertained by it; and as the statute does not provide for it, the plaintiff could not sue out execution for the interest, which subsequently accrued. The act of 1815 has not provided for this case. (Acts of Assembly 1815, p. 39,) Its operation is entirely prospective. It provides for judgments hereafter to be obtained and rendered. The judgment was obtained before the act passed. It allows interest to be collected only in those cases where the original cause of action bore interest. The cause of action here was unliquidated damages and does not fall within it.
Isaac E. Holmes for the motion.
Hunt, contra.
Motion dismissed.